UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
PASCAL BEAUDOIN, BRANDY WATKINS,
CAROL FOURNIER, as Executor/Liquidator
of The Estate of JACQUES FOURNIER and
MARTINE PAUL as Tutrix to the infants
GUILLAUME FOURNIER and FEDERICK
FOURNIER,

                           Plaintiffs,

      v.                                      3:06-cv-1159

A.D. BOWMAN & SONS LUMBER CO., INC.
and DONALD H. WATER,

                           Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

Plaintiffs commenced the instant action seeking to recover for damages caused by an accident on Route 11, County of Broome, State of New York. This matter was tried before a jury which, among other things, found no liability as to Defendant Bowman Lumber. Plaintiffs now move for a new trial pursuant to Fed. R. Civ. P. 59 on the grounds that: (1) the Court improperly responded to a jury question; and (2) the jury's verdict as to Defendant Bowman Lumber was seriously erroneous and a miscarriage of justice. Defendant Bowman Lumber opposes the motion.

I.      **FACTS**

During the trial in this matter, counsel for Defendant Bowman Lumber questioned witness Larry Levine concerning an investigation by the Occupational Safety Health Administration ("OSHA") of the subject accident. Bowman's counsel asked whether the

accident was investigated by OSHA and whether OSHA is the federal agency charged with the responsibility of ensuring worker safety. After receiving affirmative responses to both questions and before any further questioning, Plaintiff's counsel objected. At sidebar, counsel for Plaintiffs argued that OSHA's only role was to investigate injuries or causes of injuries to an employee by an employer and Bowman was not the employer. After some discussion at sidebar, there were two additional questions posed to Levine concerning OSHA. The follow-up questions were the result of an agreement by the parties. The questions and the responses were as follows:

> Q. Okay. Mr Levine, we just mentioned that OSHA appeared at the site. Did they speak to the Bowmans?
>
> A. Did they speak to Bowmans, I believe they did.
>
> Q. As a result of that, did anything happen with respect to Bowman?
>
> A. No.

During the jury's deliberations, it requested that the testimony of Larry Levine concerning the OSHA investigation be read back. The jury specifically requested "to reread the testimony by Larry Levine regarding OSHA. . . ." Counsel for Plaintiffs asked that the Court instruct the jury that the actions and determinations of OSHA should play no role in the deliberations because OSHA only investigates employers and had no jurisdiction over non-employers, including Bowman. Fearing that any further instruction would be directing a verdict one way or another and would be presuming to know the reason why the jury asked for the read back, the Court declined to give any further instruction and had the relevant testimony read back to the jury without any explanation by the Court. The Court explained to the attorneys:

- 2 -

> [Y]ou're always tempted to explain the law to the jury but in this case I
> think since the question was agreed upon, there wasn't any instructions
> and the Court completely forgot about that during the charge conference.
> Nobody gave me a request to charge or not charge and frankly I didn't
> think about that during the charge conference.  So I think I'm going to let it
> alone. . . .

The jury ultimately returned with a verdict of liability against Defendant Waters and a finding of no-liability against Bowman.

## II.    STANDARD OF REVIEW

"[A] new trial under Rule 59(a) 'may be granted even if there is substantial evidence supporting the jury's verdict,' and (2) 'a trial judge is free to weigh the evidence himself, and need not view it in the light most favorable to the verdict winner.'" Manley v. AmBase Corp., 337 F.3d 237, 244-45 (2d Cir. 2003) (quoting DLC Mgmt. Corp. v. Town of Hyde Park, 163 F.3d 124, 133-34 (2d Cir. 1998)).  "[A] motion for a new trial pursuant to Fed. R. Civ. P. 59 may be granted by the district court, although there is evidence to support the jury's verdict, so long as the district court determines that, in its independent judgment, 'the jury has reached a seriously erroneous result or [its] verdict is a miscarriage of justice.'" Nimely v. City of New York, 414 F.3d 381 (2d Cir. 2005) (quoting Munafo v. Metropolitan Transportation Authority, 381 F.3d 99, 105 (2d Cir. 2004)).  A motion for a new trial might be based on an argument that the trial was unfair to the moving party or that there was an error in the jury instructions.  See S.E.C. v. DiBella, 2007 WL 2904211, at *3 (D. Conn. 2007).  "One example of a miscarriage of justice would be an improper jury charge that 'seriously affected' the jury's understanding of an issue 'to the prejudice of the complaining party.' " Kauffman v. Maxim

Case 3:06-cv-01159-TJM-DEP   Document 166   Filed 02/02/09   Page 4 of 6

Healthcare Servs., Inc., 509 F. Supp.2d 210, 214 (E.D.N.Y. 2007) (quoting U.S. ex rel. Maris Equipment Co., Inc. v. Morganti, Inc., 163 F. Supp.2d 174, 193 (E.D.N.Y. 2001)).

### III.     DISCUSSION

Here, Plaintiffs do not challenge the jury instructions given by the Court. Instead, Plaintiffs seek a new trial on the ground that the Court's failure to charge the jury concerning the OSHA investigation was a miscarriage of justice that seriously affected the jury's understanding of an issue to Plaintiffs' prejudice. Plaintiffs contend that the OSHA investigation and the fact that OSHA did not issue any citations to Bowman unfairly influenced the jury into believing that Bowman did nothing wrong. According to Plaintiffs, the result (or lack thereof) of a government investigation likely carried great weight with the jury, but OSHA's actions or inactions are legally irrelevant to Bowman's liability because OSHA had no jurisdiction over Bowman. Plaintiffs hypothecate that the time between the jury's request for a read back and when it rendered a verdict indicates that the jury improperly relied upon the testimony concerning OSHA in determining Bowman's liability.

Bowman responds that a new trial is not warranted because: (1) the questions asked to Levine were asked on the consent of the parties and without objection; (2) OSHA did, in fact, investigate Bowman; (3) Plaintiffs did not request any specific charge to the jury concerning OSHA during the charge conference or at any time prior to when the jury asked for a read back; and (4) regardless of whether OSHA has jurisdiction over Bowman, it did have jurisdiction to investigate the accident and did not conclude that the workplace was unsafe.

The Court finds that Plaintiffs have failed to meet their burden of demonstrating a miscarriage of justice warranting a new trial. It cannot be said that any instruction given by

the Court was misleading, incorrect, misled the jury as to the correct legal standard, or did not adequately inform the jury on the law.  LNC Invs., Inc. v. First Fidelity Bank, N.A., 173 F.3d 454, 460 (2d Cir. 1999).  The issues presented to the jury concerned whether Bowman acted negligently and, if so, its negligence contributed to Plaintiffs' injuries.  Plaintiffs do not dispute that these issues were properly presented to the jury and they do not challenge the Court's instructions in that regard.  Rather, Plaintiffs sole argument pertains to the weight the jury *may* have given to testimony concerning the OSHA investigation in determining Bowman's liability.  Thus, Plaintiffs' argue, the Court should have told the jury that this evidence was irrelevant.

Courts cannot instruct juries on the relevance or importance of every piece of evidence that comes in at trial.  That is for the jury to determine.  Having consented to the specific questions asked to Mr. Levine without objection, Plaintiffs cannot now complain about that evidence coming in at trial.  At no time did the Court instruct the jury that OSHA's investigation was to be given any special consideration in determining Bowman's liability.  It would, therefore, have been inappropriate to direct the jury that OSHA's investigation was not relevant to determining Bowman's liability.  See Havoco of America, Ltd. v. Sumotomo Copr. of America, 971 F.2d 1332, 1343 (7th Cir. 1992).  To have charged the jury as requested by Plaintiffs would have resulted in the Court directing the jury to essentially ignore evidence that was admitted at trial without objection.  The instructions given to the jury were not prejudicial or confusing.  Similarly, the failure to instruct them on how to evaluate a particular piece of testimony cannot be said to have been prejudicial or confusing.  To conclude otherwise would purport to know precisely how the jury was thinking and why it came to the conclusion it did concerning Bowman's liability.  The Court must presume that the jury

considered all the trial evidence in determining Bowman's liability and has no reason to believe that it relied solely on the brief testimony concerning OSHA's involvement to make that determination.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a new trial is DENIED.

IT IS SO ORDERED.

Dated: February 2, 2009

_____
Thomas J. McAvoy
Senior, U.S. District Judge